UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>EBRA</small> L<small>EE</small> C<small>RUISE</small>-G<small>ULYAS</small>, an individual,

    Plaintiff,

v.

Case No.

M<small>ATTHEW</small> J. M<small>INARD</small>, individually and in his official capacity as a Taylor Police Officer,

    Defendant.

_____/

Blackstone Law, PLLC
Hammad A. Khan (P80039)
1 Ajax Drive, Ste 101
Madison Heights, MI 48071
P: (248) 951-8111
F: (248) 418-8326
hkhan@blackstonelawpllc.com
_____/

**Civil Rights Complaint and Demand for Jury Trial**

Plaintiff Debra L. Cruise-Gulyas through counsel of record Attorney Hammad A. Khan pleads the following facts in support of her Complaint against Defendant Police Officer Matthew Minard.

**I. Introduction**

1. This case seeks to protect and vindicate fundamental constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States

1

Constitution. Through the statutory vehicle 42 U.S.C. § 1983, Plaintiff Cruise alleges that on June 1, 2017, City of Taylor Police Officer Matthew Minard deprived her of liberty in retaliation for exercising the constitutional right to freedom of speech and expression.

2.  Plaintiff Cruise seeks a money judgment against Officer Minard and a declaration that while acting under color of state law, his unconstitutional conduct—seizing her person and motor vehicle a second time without probable cause or reasonable suspicion because she visibly displayed her raised middle finger in protest while driving away from the first traffic stop—would chill others from exercising First Amendment freedoms.

3.  Plaintiff Cruise further seeks declaratory, preliminary, and permanent injunctive relief against Defendant Minard to stop him from arbitrarily exercising state power for no legitimate governmental reason but to interfere with fundamental liberty interests and chill First Amendment freedoms.

## II. Jurisdiction and Venue

4.  Plaintiff Cruise incorporates by reference complaint paragraphs one through three, as set forth fully here.

5.  This Court has subject matter jurisdiction over the instant cause of action under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

6. Plaintiff Cruise's claims for declaratory and injunctive relief are further authorized by Federal Rules of Civil Procedure ("Fed. R Civ. P") 57 and 65, and by the general legal and inherent equitable powers of this Court. Title 42 U.S.C. §§ 1983 and 1988 authorize Plaintiff Cruise's claims for damages.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendant Minard resides, and a substantial part of the events or omissions giving rise to the claims occurred, in the district where this Court sits.

### III.  Parties

8. Plaintiff Cruise incorporates by reference complaint paragraphs one through seven, as set forth fully here.

9. Cruise is a natural person domiciled in the Township of Brownstown, County of Wayne, and State of Michigan.

10. Defendant Minard is a natural person believed to domicile in the Township of Northville, County of Wayne, and State of Michigan.

11. At the time of the acts or occurrences alleged in this Complaint, Defendant Minard was acting under color of state law as a City of Taylor uniformed police officer, driving a semi-marked police vehicle.

### IV.  Averment of Facts

12. Plaintiff Cruise incorporates by reference complaint paragraphs one through

eleven, as set forth fully here.

13. On June 1, 2017, Defendant Police Officer Minard stopped Plaintiff Cruise's motor vehicle for speeding on Telegraph Road in the City of Taylor.

14. Officer Minard issued Plaintiff Cruise a uniform law citation—traffic ticket—for impeding traffic, then released her from the scene.

15. In disagreement with the traffic ticket, as Plaintiff Cruise drove away from the traffic stop she exercised her constitutionally protected First Amendment right to freedom of expression by visibly displaying her raised middle finger out of the driver's side window toward Officer Minard.

16. In retaliation for Plaintiff Cruise's exercise of First Amendment rights, Officer Minard immediately executed a second traffic stop on her motor vehicle, within less than 100 yards of the first.

17. When Officer Minard initiated the second traffic stop by activating emergency lights on the City of Taylor semi-marked police vehicle, Plaintiff Cruise followed state law by immediately bringing her vehicle to a stop on the right-hand side of the roadway.

18. Officer Minard ran into, rear-ended, Plaintiff Cruise's motor vehicle.

19. Officer Minard's reason for the second traffic stop was to retrieve the traffic ticket just given to Plaintiff Cruise so that he could amend the charge from a zero-

point nonmoving violation, into a moving violation with points for the original speeding offense.

20. Officer Minard's second traffic stop to amend the nonmoving violation into a moving one with more severe penalties was adverse action taken against Plaintiff Cruise for exercising her First Amendment right to express disapproval of, and disagreement with, the first traffic stop.

## V.  Claims

*Count One—First Amendment Retaliation*
(42 U.S.C § 1983)

21. Plaintiff Cruise incorporates by reference complaint paragraphs one through twenty, as set forth fully here.

22. Officer Minard acted under color of state law by stopping Plaintiff Cruise's motor vehicle twice.

23. Plaintiff Cruise's display of her raised middle finger toward Officer Minard as she drove away from the first stop was a symbolic gesture entitled to First Amendment protection as an expression of speech.

24. Plaintiff Cruise had a clearly established constitutional right to express her disapproval of, and disagreement with, Officer Minard's first traffic stop and issuance of the impeding traffic ticket.

25. Officer Minard's initiation of the second traffic stop, within less than 100 yards of the first, to amend the traffic ticket issued to Plaintiff Cruise from a nonmoving violation into a moving violation with more severe penalties, was adverse action taken in retaliation for her exercise of constitutionally protected symbolic speech and expression.

26. Officer Minard's motive for the second traffic stop was to punish Plaintiff Cruise for exercising rights secured under the constitution.

27. The adverse action taken against Plaintiff Cruise by Officer Minard—stopping her motor vehicle without reasonable suspicion or probable cause—would substantially interfere with the exercise of First Amendment freedoms by deterring a person of ordinary firmness from further expressing disapproval and disagreement with police conduct in the City of Taylor, through speech and symbolic gesture.

28. As a direct and proximate result of Defendant Minard's violation of the First Amendment, Plaintiff Cruise has suffered irreparable harm, including the loss of her clearly established fundamental constitutional right to free speech and expression, entitling her to declaratory and injunctive relief and damages.

*Count Two—Fourth Amendment*
(42 U.S.C. § 1983; Unlawful Detention and Seizure)

29. Plaintiff Cruise incorporates by reference complaint paragraphs one through

twenty-eight, as set forth fully here.

30. Officer Minard stopped Plaintiff Cruise's motor vehicle the second time, without probable cause or reasonable suspicion to believe a traffic violation had occurred or criminal conduct was afoot.

31. The second traffic stop by uniformed Police Officer Minard acting under color of state law, was an unlawful detention and seizure under the Fourth Amendment that interfered with Plaintiff Cruise's liberty interests—restraining her freedom of movement—, further causing her physical injury and property damage.

32. Officer Minard's second traffic stop by activating emergency lights on a city owned police vehicle directly behind Plaintiff Cruise's motor vehicle was a show of authority for an unlawful reason.

33. Plaintiff Cruise's Fourth Amendment rights were sufficiently clear that Officer Minard knew his detention and seizure of her person and motor vehicle the second time, without probable cause or reasonable suspicion, was unconstitutional arbitrary and oppressive conduct.

34. As a direct and proximate result of Defendant Minard's unlawful detention and seizure of Cruise's person and motor vehicle, Plaintiff Cruise has suffered irreparable harm, including the loss of her fundamental liberty interests entitling her to declaratory and injunctive relief and damages.

*Count Three—Substantive Due Process*
(42 U.S.C. § 1983; Fundamental Liberty)

35. Plaintiff Cruise incorporates by reference complaint paragraphs one through thirty-four, as set forth fully here.

36. This count is cumulative and raised in the alternative, to the preceding First and Fourth Amendment claims made applicable to the states through the Fourteenth Amendment Due Process Clause.

37. The fundamental right to liberty without arbitrary governmental interference is a protected right, deeply rooted in our country's concepts of decency, history, and tradition.

38. The second traffic stop where Officer Minard seized Plaintiff Cruise and her motor vehicle was an arbitrary abuse of state power that served no government interest but did interfere with fundamental rights implicit in the concept of ordered liberty.

39. As a result of Officer Minard's arbitrary abuse of state power, Plaintiff Cruise lost her freedom of movement, suffered physical injury, and property damage.

40. Officer Minard had no legal or legitimate right to stop Plaintiff Cruise the second time so his exercise of police power was egregious official misconduct that not only derogated a fundamental right but also shocks the conscience.

## VI.  Prayer for Relief

Wherefore, Plaintiff Cruise asks this Court,

A) to declare that Defendant Minard violated Plaintiff Cruise's fundamental constitutional rights as set forth in this Complaint,

B) to permanently enjoin Defendant Minard from unlawfully detaining and seizing persons and motor vehicles, in retaliation for exercising constitutionally protected First Amendment freedoms as set forth in this Complaint,

C) to award Plaintiff Cruise nominal damages, actual damages, compensatory damages, and punitive damages against Defendant Minard,

D) to award Plaintiff Cruise reasonable attorney fees, costs, and expenses under 42 U.S.C. § 1988 and other applicable law, and

E) to grant such other and further relief as this court should find just and proper.

Respectfully submitted,

  /s/ Hammad A. Khan
Blackstone Law, PLLC
Plaintiff's Counsel
1 Ajax Drive, Ste 101
Madison Heights, MI 48071

Dated: April 12, 2018

P: (248) 951-8111
hkhan@blackstonelawpllc.com
(P80039)

## Jury Trial Demand

Under Federal Rule of Civil Procedure 38, Plaintiff Cruise requests a jury

9

trial on all issues so triable by rule, law, or controlling authority.

                                                Respectfully submitted,

                                                   /s/ Hammad A. Khan
                                                Blackstone Law, PLLC
                                                Plaintiff's Counsel
                                                1 Ajax Drive, Ste 101
                                                Madison Heights, MI 48071
Dated: April 12, 2018                        P: (248) 951-8111
                                                hkhan@blackstonelawpllc.com
                                                (P80039)