# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEBRA LEE CRUISE-GULYAS,
an individual,

      Plaintiff,

v.

MATTHEW WAYNE MINARD, individually
and in his official capacity as a Taylor
Police Officer,

      Defendant.

Case No. 18-11169
District Judge Paul D. Borman
Mag. Judge Elizabeth A. Stafford

---

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

Defendant, City of Taylor Police Officer Matthew Minard, through undersigned counsel, moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

The pertinent facts of this case are not disputed. Officer Minard initiated a traffic stop of Plaintiff's vehicle for speeding in the City of Taylor. Rather than issue Plaintiff a ticket for a moving violation, Officer Minard decided to cut Plaintiff a break by issuing her a non-moving violation for "impeding traffic." The impeding traffic ticket, unlike a speeding ticket, does not have any points and would not be reported to Plaintiff's insurance company. Thanking Officer Minard for his generous exercise of discretion, Plaintiff decided to display her middle finger out of the driver's side window as she drove away. So Officer Minard

changed his mind and issued Plaintiff the original moving violation for speeding. Plaintiff filed this action against Officer Minard alleging First Amendment Retaliation, Unlawful Detention and Seizure, and a Substantive Due Process violation. As a matter of law, Plaintiff's complaint must be dismissed as her claims are untenable.

*First*, Plaintiff's First Amendment retaliation claim fails because a police officer's retraction of leniency due to the disrespectful actions of a driver, as a matter of law, does not constitute retaliation under the First Amendment. In other words, Plaintiff admits she was speeding and she was issued a ticket for speeding. But for her speeding, she would have never received a speeding ticket. No retaliation can exist under this situation. Indeed, this would be akin to a judge, in a criminal action, deciding to give a defendant at sentencing a lesser amount of years than the guidelines call for, but, in response to the defendant displaying her middle finger at the judge, retracting the sentence and issuing a within-guidelines sentence. Certainly, there would be no "retaliation" claim available under that situation, just as there is no retaliation here.

*Second*, Plaintiff's Fourth Amendment claim alleging unlawful detention and seizure lacks merit because probable cause existed to initiate the traffic stop: Plaintiff admits she was speeding. Plaintiff's attempt to characterize the stop as a subsequent stop lacks merit as it was merely a continuation of the original traffic stop. No unlawful detention and seizure occurred as a matter of law.

*Third*, Plaintiff's substantive due process claim fails for the same reasons her First and Fourth Amendment claims fails.  Plaintiff concedes that this "count is cumulative and raised in the alternative, to the preceding First and Fourth Amendment Claims. . . ."

*Finally*, Officer Minard is entitled to qualified immunity from suit.  Under the undisputed facts, no constitutional violation occurred as a matter of law.  Moreover, even if Officer Minard's alleged conduct could somehow give rise to a constitutional violation—which it does not—any such alleged constitutional violation for the conduct alleged in this case was not clearly established at the time Officer Minard issued Plaintiff a traffic citation.  Accordingly, Officer Minard is entitled to qualified immunity.

For these reasons, which are explained in more detail in the accompanying Brief in Support, Officer Minard respectfully requests that this Honorable Court GRANT its Motion and DISMISS this action with prejudice.

On June 19, 2018, the undersigned conferred with Plaintiff's counsel pursuant to E.D. Mich. Local Rule 7.1(a) to explain the nature of this motion and its legal basis, but was unable to obtain concurrence in the relief sought.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

By:  */s/ Mark W. Peyser*
      Mark W. Peyser (P35473)
      Jonathan F. Karmo (P76768)
450 West Fourth Street
Royal Oak, MI 48067-2557
248-723-0356
mwp@h2law.com
jfk@h2law.com

Dated: June 19, 2018          Attorneys for Matthew Minard

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DEBRA LEE CRUISE-GULYAS,
an individual,

   Plaintiff,      Case No. 18-11169

v.           District Judge Paul D. Borman

            Mag. Judge Elizabeth A. Stafford

MATTHEW WAYNE MINARD, individually
and in his official capacity as a Taylor
Police Officer,

   Defendant.

---

## BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION FOR JUDGMENT ON THE
## <u>PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)</u>

## TABLE OF CONTENTS

ISSUES PRESENTED...................................................................... iii

MOST CONTROLLING AUTHORITIES................................................ iv

INDEX OF AUTHORITIES.............................................................. v

INTRODUCTION........................................................................ 1

I.  BACKGROUND ................................................................... 2

II.  LEGAL STANDARD............................................................. 3

III.  ARGUMENT .................................................................... 4

    A.  Plaintiff's First Amendment Retaliation Claim Fails as a Matter of Law Because Her Speeding, Not Her Alleged Exercise of Her Free Speech Rights, Resulted in Her Receipt of a Speeding Ticket ........................................................................... 5

        1.  Under the undisputed facts, Plaintiff did not engage in protected conduct that gives to a First Amendment violation.................................................................. 6

        2.  Plaintiff fails to establish causation between the alleged protected activity and the alleged adverse action ...................... 6

        3.  Plaintiff cannot establish, as a matter of law, that Officer Minard took action that would deter a person of ordinary firmness from continuing to engage in that conduct................. 8

    B.  Plaintiff's Fourth Amendment Claim Fails as a Matter of Law Because She Admits She Was Speeding, Which Gave Officer Minard Probable Cause to Initiate a Traffic Stop and Issue Her a Ticket for Speeding........................................................ 10

    C.  Plaintiff's "Substantive Due Process" Claim Fails for the Same Reasons as Her First and Fourth Amendment Claims ...................... 12

    D.  Officer Minard is Entitled to Qualified Immunity Because He Did Not Violate Any of Plaintiff's Constitutional Rights, and, Even if He Had Committed Such Violation, there is no Clearly

Established Case Law Alerting Officer Minard that Such
Conduct Violates the Constitution ....................................................... 13

1.   Officer Minard did not violate any of Plaintiff's
     constitutional rights................................................................. 14

2.   Even if Officer Minard violated Plaintiff's constitutional
     rights, which he did not, such rights were not clearly
     established .............................................................................. 15

IV.   CONCLUSION........................................................................................ 18

## ISSUES PRESENTED

(1)     Whether Plaintiff's First Amendment retaliation claim fails as a matter of law because, under the undisputed facts, Plaintiff's speeding, as opposed to any retaliation, was the reason she received a speeding ticket.

> Officer Minard answers, "Yes."
> The Court should answer, "Yes."

(2)     Whether Plaintiff's Fourth Amendment alleged unlawful search and seizure claim must be dismissed because probable cause existed to initiate a traffic stop of Plaintiff's vehicle for speeding and subsequently issue her a citation for speeding.

> Officer Minard answers, "Yes."
> The Court should answer, "Yes."

(3)     Whether Plaintiff's admitted "alternative" and "duplicative" "substantive due process" claim must be dismissed for the same reasons her First and Fourth Amendment claims should be dismissed.

> Officer Minard answers, "Yes."
> The Court should answer, "Yes."

(4)     Whether Officer Minard is entitled to qualified immunity from suit because (a) no constitutional violation has occurred; and (b) even if a constitutional violation occurred, it was not clearly established at the time of the incident at issue in this case that a police officer cannot retract a discretionary decision to cut a driver a break for speeding when the driver is subsequently disrespectful to the police officer.

> Officer Minard answers, "Yes."
> The Court should answer, "Yes."

## MOST CONTROLLING AUTHORITIES

Fed. R. Civ. P. 12(c)

*Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)

*Hartman v. Moore*, 547 U.S. 250 (2006)

*Marshall v. City of Farmington Hills*, 693 F. App'x 417 (6th Cir. 2017)

*Reichle v. Howards*, 566 U.S. 658 (2012)

# INDEX OF AUTHORITIES

## Cases

*Amini v. Oberlin College,*
259 F.3d 493 (6th Cir. 2001) ................................................................. 4

*Armstrong v. City of Melvindale,*
432 F.3d 695 (6th Cir. 2006) ............................................................... 16

*Brown v. Crowley,*
312 F.3d 782 (6th Cir. 2002) ................................................................. 9

*Claybrook v. Birchwell,*
199 F.3d 350 (6th Cir. 2000) ............................................................... 12

*Cty. of Sacramento v. Lewis,*
523 U.S. 833 (1998) ............................................................................. 12

*E.E.O.C. v. J.H. Routh Packing Co.,*
246 F.3d 850 (6th Cir. 2001) ................................................................. 3

*Feathers v. Aey,*
319 F.3d 843 (6th Cir. 2003) ............................................................... 14

*Gardenshire v. Schubert,*
205 F.3d 303 (6th Cir. 2000) ............................................................... 13

*Hartman v. Moore,*
547 U.S. 250 (2006) .......................................................................... 8, 9

*Hunter v. Sec'y of U.S. Army,*
565 F.3d 986 (6th Cir. 2009) ................................................................. 3

*Illinois v. Wardlow,*
528 U.S. 119 (2000) ............................................................................. 11

*Ingraham v. Wright,*
430 U.S. 651 (1977) ............................................................................. 10

*LaFountain v. Mikkelsen,*
478 F. App'x 989 (6th Cir. 2012) ........................................................... 7

*Leonard v. Robinson,*
   477 F.3d 347 (6th Cir. 2007) .................................................................. 15

*Marshall v. City of Farmington Hills,*
   694 F. App'x 417 (6th Cir. 2017) ............................................ 9, 12, 17

*Mezibov v. Allen,*
   411 F.3d 712 (6th Cir. 2005) .................................................................. 10

*Paige v. Conyer,*
   614 F.3d 273 (6th Cir. 2010) .................................................................... 7

*Pennsylvania v. Mimms,*
   434 U.S. 106 (2003) .................................................................................. 11

*Persaud v. McSorley,*
   275 F. Supp. 2d 490 (S.D. N.Y. 2003) .................................................. 8

*Risbridger v. Connelly,*
   275 F.3d 565
   (6th Cir. 2002) ......................................................................................... 15

*Sallier v. Brooks,*
   343 F.3d 868 (6th Cir. 2003) .................................................................. 13

*Siggers-El v. Barlow,*
   412 F.3d 693 (6th Cir. 2005) ............................................................ 5, 13

*Suacier v. Katz,*
   533 U.S. 194 (2001) .................................................................................. 16

*Thaddeus-X v. Blatter,*
   175 F.3d 378 (6th Cir. 1999) ....................................................... 5, 6, 10

*United States v. Bell,*
   555 F.3d 535 (6th Cir. 2009) .................................................................. 11

*United States v. Lyons,*
   687 F.3d 754 (6th Cir. 2012) .................................................................. 11

*Vereecke v. Huron Valley Sch. Dist.,*
   609 F.3d 392 (6th Cir. 2010) .................................................................... 6

*Wilson v. Layne,*
   426 U.S. 603 (1999) .................................................................................. 16

*Wilson v. Village of Los Lunas*,
    572 F. App'x 635 (10th Cir. 2014) ........................................................ 17

*Wurzelbacher v. Jones-Kelley*,
    675 F.3d 580 (6th Cir. 2012) ........................................................... 5, 9

**Statutes**

42 U.S.C. § 1983 .............................................................................. 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................... 3

Fed. R. Civ. P. 12(c) ..................................................................... 2, 3

Fed. R. Civ. P. 7(a) ......................................................................... 3

## INTRODUCTION

After Plaintiff was admittedly speeding in the City of Taylor, Officer Minard initiated a traffic stop of Plaintiff's vehicle.  Officer Minard decided to cut Plaintiff a break and, instead of issuing her a ticket for speeding, issued her a no-point, non-moving "impeding traffic" violation.  Rather than being appreciative of Officer Minard's actions, Plaintiff decided to display her raised middle finger at Officer Minard from the driver's side window as she began to pull away.  So Officer Minard changed his mind about cutting Plaintiff a break and decided to issue her a ticket for speeding, a violation she admits committing.

Plaintiff's entire lawsuit is based on the above facts.  Plaintiff contends that Officer Minard's decision to issue a speeding ticket constitutes retaliation under the First Amendment, and that his "subsequent" stop of Plaintiff's vehicle less than 100 feet from the "original" stop constitutes an unlawful search and seizure under the Fourth Amendment.  As an "alternative" and "duplicative" claim, Plaintiff alleges that Officer Minard's actions violate her "substantive due process" rights.

Plaintiff's amended complaint must be dismissed as a matter of law for four reasons: (1) Plaintiff's First Amendment retaliation claim fails because her speeding, as opposed displaying her middle finger, is the reason she received a speeding ticket; (2) Plaintiff's Fourth Amendment claim lacks merit because probable cause exited to stop Plaintiff's vehicle for speeding and the "second" stop

less than 100 feet away was a mere continuation of the initial traffic stop; (3) Plaintiff's duplicative "substantive due process" claim fails for the same reasons her First and Fourth Amendment claims fail; and (4) Officer Minard is entitled to qualified immunity because no constitutional violation has occurred, and, even if Officer Minard's actions violated Plaintiff's constitutional rights, which they did not, such constitutional rights were not clearly established at the time of the incident at issue in this case.

For these reasons, which are explained in more detail below, Officer Minard respectfully requests that this Honorable Court GRANT its Motion and DISMISS this action with prejudice. Officer Minard is entitled to qualified immunity.

## I.   BACKGROUND[1]

On June 1, 2017, Officer Minard "stopped Plaintiff Cruise's motor vehicle for speeding on Telegraph Road in the City of Taylor." (Doc. #6 at 4, ¶ 13, PageID.34, Plaintiff's First Am. Compl.; Doc. #8 at 3, ¶ 13, PageID.52, Officer Minard's Answer to First Am. Compl.). Rather than issue her a ticket for speeding, "Officer Minard issued Plaintiff Cruise a uniform law citation—traffic ticket—for impeding traffic, then released her from the scene." (Doc. #6 at 4, ¶ 14,

---

[1] Officer Minard brings this Motion based on the material facts that are undisputed in the pleadings. Federal Rule of Civil Procedure 12(c) sets forth that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

PageID.34; Doc. #8 at 3, ¶ 14, PageID.52).  Despite the fact that Officer Minard cut Plaintiff a break by issuing her a no-point ticket, Plaintiff began driving away "visibly displaying her raised middle finger out of the driver's side window toward Officer Minard." (Doc. #6 at 4, ¶ 15, PageID.34; Doc. #8 at 3, ¶ 15, PageID.52). Officer Minard immediately stopped Plaintiff within 100 yards and amended the non-moving impeding traffic ticket he issued to a moving violation for the original speeding offense. (Doc. #6 at 4, 5, ¶¶ 16, 18, Page ID.34-35).

## II.   LEGAL STANDARD

A motion for judgment on the pleadings employs the same standard of review as a motion to dismiss for failure to state a claim brought under Federal Rule of Civil Procedure 12(b)(6), except the Court may properly consider all of the pleadings when deciding the motion.  *See* Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 12(c); *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  A court must "construe the complaint in the light most favorable to the Plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the Plaintiff[.]"  *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (citation omitted).  In ruling on a motion to dismiss, the district court is permitted to consider (1) the complaint, (2) documents referenced in the pleadings that are central to the Plaintiff's claims, (3) matters of

which a court may properly take notice, and (4) public documents.  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).   Consideration of these documents does not require converting the motion to one for summary judgment. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

### III.   ARGUMENT

Plaintiff admits to speeding.  She was ticketed for speeding.  There is simply nothing unconstitutional about Officer Minard's actions.  He is entitled to qualified immunity from this baseless lawsuit.

Officer Minard was going to cut Plaintiff a break by issuing her a non-moving violation that did not carry any points and would not be reported to her insurance carrier.  But she decided to be disrespectful and display her middle finger at Officer Minard.  So he changed his mind and issued her the original traffic ticket—based on her speeding that she admits engaging in.  Officer Minard had discretion to act the way he did.

Officer Minard's actions do not give rise to any claim, whether under the First or Fourth Amendment or separately as an alleged violation of Plaintiff's "substantive due process" rights.  Moreover, even if Officer Minard's actions somehow violated one of Plaintiff's constitutional rights, such rights were not clearly established at the time of the traffic stop at issue here, such that Officer Minard is entitled to qualified immunity as a matter of law.

Accordingly, judgment should be entered in favor of Officer Minard and against Plaintiff, and this case should be dismissed.

**A.   Plaintiff's First Amendment Retaliation Claim Fails as a Matter of Law Because Her Speeding, Not Her Alleged Exercise of Her Free Speech Rights, Resulted in Her Receipt of a Speeding Ticket**

A plaintiff who alleges First Amendment retaliation pursuant to 42 U.S.C. § 1983 "must prove that 1) he engaged in protected conduct, 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct, and 3) the adverse action was taken at least in part because of the exercise of the protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005); *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005); *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Even if all three elements are met, a defendant is not liable if he shows that he would have taken the same action in the absence of the alleged protected activity. *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (en banc). The above "formulation describes retaliation claims in general, but it will yield variations in different contexts." *Id.* at 394.

Here, Plaintiff's First Amendment retaliation claim must be dismissed because she cannot establish, as a matter of law, that: (a) she engaged in protected conduct, (b) Officer Minard took an adverse action against her, or (c) the alleged adverse action was causally related to her use of the middle finger against Officer Minard. Accordingly, judgment should be entered in favor of Officer Minard.

1. **Under the undisputed facts, Plaintiff did not engage in protected conduct that gives to a First Amendment violation**

First, Plaintiff cannot establish that she engaged in protected conduct. The "protected conduct" Plaintiff alleges is the use of her middle finger directed at Officer Minard. However, Plaintiff ignores that she admits she was speeding, which is not a protected activity, and that she received a ticket for speeding. Based on these admissions, it is undisputed that Plaintiff did not engage in protected conduct as a matter of law. *Thaddeus-X*, 175 F.3d at 394 ("Therefore, if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one."). Plaintiff's First Amendment claim fails for this reason alone.

2. **Plaintiff fails to establish causation between the alleged protected activity and the alleged adverse action**

Second, under the undisputed facts, Plaintiff cannot establish that Officer Minard's actions were motivated by Plaintiff's use of the middle finger, *i.e.* that the decision to issue her a ticket was causally related to her use of the middle finger. A motivating factor is "essentially but-for cause—'without which the action being challenged simply would not have been taken.'" *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010) (citation omitted). Traditional tort concepts govern the causation inquiry including that "[c]ause in fact is typically assessed using the but for test, which requires us to imagine whether the

harm would have occurred if the defendant had behaved other than [he] did." *Paige v. Conyer*, 614 F.3d 273, 281 (6th Cir. 2010) (citation and quotation marks omitted). Here, Officer Minard's decision to issue Plaintiff a ticket was lawfully authorized due to Plaintiff's admitted speeding. Thus, as a matter of law, Officer Minard's actions were not causally related to the alleged free speech. In other words, Plaintiff admits to speeding, which she admits occurred *before* she displayed the middle finger at Officer Minard. And she was ticketed for that violation of the law that she concedes occurred: speeding. Accordingly, she cannot establish the necessary causation for her First Amendment claim as a matter of law.

The Sixth Circuit has explained that causation is lacking where a plaintiff concedes in engaging in the unlawful activity that led to a ticket being issued. *See LaFountain v. Mikkelsen*, 478 F. App'x 989 (6th Cir. 2012). In *LaFountain*, the plaintiff prisoner received two misconduct tickets for visiting the law library without a pass, and he was found guilty of one of the charges by a hearing officer. *Id.* at 991. The prisoner alleged that the misconduct ticket was retaliation for his filing a grievance against another officer and attempting to use the law library to research a case. *Id.* However, the Sixth Circuit explained that causation was lacking because the plaintiff was found guilty of and admitted to "engaging in the acts that formed a basis of the misconduct charge." *Id.* at 993. The same is true

here.  Causation cannot exist as a matter of law because Plaintiff admits she was speeding and received a ticket for speeding.

> ### 3. Plaintiff cannot establish, as a matter of law, that Officer Minard took action that would deter a person of ordinary firmness from continuing to engage in that conduct

Finally, Plaintiff's admission that she was speeding means that, as a matter of law, she cannot show that Officer Minard took an "adverse action" against her under the First Amendment that would "deter a person of ordinary firmness from continuing to engage in that conduct."  Another district court has held that, where there is a legitimate basis for the ticket issued by a police officer, a plaintiff cannot show the necessary adverse action to proceed with a First Amendment claim. *Persaud v. McSorley*, 275 F. Supp. 2d 490 (S.D. N.Y. 2003).  In *Persaud*, the district court explained that, because the plaintiff's "conviction . . . of the charge of passing a red light establishes that there was a legitimate basis for issuance of the ticket[,]" the plaintiff "did not herself suffer the harm necessary to support her retaliation claim." *Id.* at 495.  Here, like *Persaud*, Plaintiff did not suffer any injury under the First Amendment because she admits to engaging in the underlying conduct that led to her receipt of a traffic ticket.

The United States Supreme Court has addressed the requirement that a plaintiff allege and establish a lack of probable cause in order to state an actionable First Amendment retaliation claim. *See Hartman v. Moore*, 547 U.S. 250 (2006).

In *Hartman*, the plaintiff brought a *Bivens* action against criminal investigators for allegedly inducing a prosecution in retaliation for speech. The Supreme Court held that, "[b]ecause showing an absence of probable cause will have high probative force, and can be made mandatory with little or no added cost, it makes sense to require such a showing as an element of a plaintiff's case, and we hold that it must be pleaded and proven." *Id.* at 265. Here, Plaintiff admits that she was speeding, and she received a ticket directly correlating to that speeding. Accordingly, as a matter of law, probable cause existed both to initiate a traffic stop and issue Plaintiff a ticket. Under *Hartman*, then, Plaintiff's claim fails.[2]

Moreover, even if Plaintiff could sufficiently allege an adverse action, which she cannot, it would be *de minimus*, and, therefore, not actionable as a matter of law. As the Sixth Circuit has explained, "[w]here, as here, a challenged action has no consequences whatsoever, either immediate or long-term, it ineluctably follows that such an action is 'inconsequential.'" *Brown v. Crowley*, 312 F.3d 782, 801 (6th Cir. 2002). *See also, Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 585 (6th Cir. 2012) (collecting cases where "inconsequential" conduct was insufficient to show that "a person of ordinary firmness" would be deterred or chilled). Simply

---

[2] The Sixth Circuit Court of Appeals has never squarely decided whether the lack of probable cause is an element in a First Amendment retaliation claim in this context. *See Marshall v. City of Farmington Hills*, 694 F. App'x 417, 425 n.4 (6th Cir. 2017). At a minimum, as explained below, this supports the fact that Officer Minard is entitled to qualified immunity.

put, any alleged harm to Plaintiff "is too minimal to be constitutionally cognizable." *Mezibov v. Allen*, 411 F.3d 712, 722 (6th Cir. 2005); *Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned."); *Thaddeus-X*, 175 F.3d at 396 ("It is not necessarily true, however that every action, no matter how small, is constitutionally cognizable."). She admits she was speeding and she received a ticket for speeding.

**B.      Plaintiff's Fourth Amendment Claim Fails as a Matter of Law Because She Admits She Was Speeding, Which Gave Officer Minard Probable Cause to Initiate a Traffic Stop and Issue Her a Ticket for Speeding**

Next, Plaintiff's Fourth Amendment claim fails as a matter of law because probable cause existed to stop her vehicle for speeding and to ultimately issue her a speeding ticket. As explained above, Plaintiff's complaint admits she was pulled over for speeding. (Doc. #6 at 4, ¶ 13, PageID.34, Plaintiff's First Am. Compl.; Doc. #8 at 3, ¶ 13, PageID.52, Officer Minard's Answer to First Am. Compl.). In other words, probable cause existed both to stop Plaintiff's vehicle for speeding and to ultimately issue her a ticket for speeding. No Fourth Amendment violation occurred as a matter of law.

"The touchstone of [the Court's] analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'" *Pennsylvania v. Mimms*, 434 U.S. 106,

108–09 (2003) (citation omitted). Under this standard, "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when he has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *see also, United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012). If a traffic stop is deemed appropriate because it is supported by probable cause, the court must determine whether the traffic stop is "reasonably related in scope to the situation at hand, as judged by examining the reasonableness of the officer's conduct given his suspicions and the surrounding circumstances." *Lyons*, 687 F.3d at 764.

Here, given that Officer Minard had probable cause to stop Plaintiff—she was admittedly speeding—probable cause existed to issue her a speeding ticket. No Fourth Amendment violation occurred under the undisputed facts.

Moreover, Plaintiff's attempt to characterize the traffic stop as two separate and distinct traffic stops occurring "less than 100 yards" apart is without merit. It is well settled that "an officer can lawfully detain the driver of a vehicle until after the officer has finished making record radio checks and issuing a citation, because this activity would be well within the bounds of the initial stop." *United States v. Bell*, 555 F.3d 535, 541 (6th Cir. 2009) (internal quotations and citation omitted). In other words, courts "consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel

their suspicions quickly, during which time it was necessary to detain the defendant." *Marshall v. City of Farmington Hills*, 693 F. App'x 417, 423 (6th Cir. 2017) (citations omitted).  Here, the second confrontation to rescind the impeding traffic ticket and issue a speeding ticket was simply a continuation of the original stop.  And, as explained, probable cause existed to stop Plaintiff for speeding and to issue her a speeding citation.

## C.   Plaintiff's "Substantive Due Process" Claim Fails for the Same Reasons as Her First and Fourth Amendment Claims

Plaintiff admits that her "substantive due process" claim is "cumulative and raised in the alternative" to her First and Fourth Amendment claims.  (Doc. #6 at 8, ¶ 36, PageID.38).  Accordingly, the "substantive due process" claim fails for the same reasons.  No further analysis is necessary.

Moreover, the Sixth Circuit has held that an officer's conduct violates an innocent party's substantive due process rights only if it "shocks the conscience." *Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000).  If an officer does not have an opportunity to "ponder" or "debate" his reaction to a situation, the plaintiff must establish that the officer used force "maliciously and sadistically for the very purpose of causing harm." *Id.* at 359–60.  The Supreme Court has made clear that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Here, as explained, it is undisputed that Plaintiff was speeding and that Officer Minard issued Plaintiff a speeding ticket. The fact that Officer Minard changed his mind about cutting Plaintiff a break after she decided to display her raised middle finger at him is not conduct that is "malicious" or "sadistic" taken "for the very purpose of causing harm." As a matter of law, Plaintiff's substantive due process claim must be dismissed.

**D.     Officer Minard is Entitled to Qualified Immunity Because He Did Not Violate Any of Plaintiff's Constitutional Rights, and, Even if He Had Committed Such Violation, there is no Clearly Established Case Law Alerting Officer Minard that Such Conduct Violates the Constitution**

As Sixth Circuit case law makes clear, "[g]overnment officials who perform discretionary functions are generally protected from liability for civil damages as long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sallier v. Brooks*, 343 F.3d 868, 878 (6th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Whether a police officer is entitled to qualified immunity is a question of law for the Court to decide. *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). The burden is on the plaintiff to establish that a defendant police officer is not entitled to qualified immunity. *Gardenshire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000).

A three-step analysis governs the qualified immunity inquiry:

First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred.   Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known.   Third, we determine whether the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights."

*Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003).

### 1.   Officer Minard did not violate any of Plaintiff's constitutional rights

As explained above, no constitutional violation has occurred in this case. Plaintiff admitted to speeding, and she received a ticket for speeding.   The fact that Officer Minard initially cut Plaintiff a break but changed his mind due to Plaintiff's disrespect does not rise to the level of a constitutional violation.   It was within Officer Minard's right to exercise discretion and give Plaintiff the original ticket for speeding—a violation she does not deny committing.

This situation is analogous to a judge in a criminal action issuing a sentence to a defendant.   A judge has discretion to issue a sentence when consulting the guideline range.   By way of a hypothetical,[3] if a judge issues a sentence to a defendant below the guideline range, and, in response, the defendant raises her middle finger at the judge, the judge certainly has discretion to change his mind

---

[3] This hypothetical does not suggest that judges do not have absolute immunity from suit but only shows the comparison of the reasonableness of a discretionary action.

about the sentence and issue a within-guidelines sentence.  This would not be "retaliatory," as the within-guidelines sentence is presumptively reasonable for the criminal defendant's offense.  The same is true here—Plaintiff was speeding and ultimately ended up with a speeding ticket.  It is not unconstitutional that Officer Minard changed his mind and decided not to cut Plaintiff a break because of her disrespect.

### 2.   Even if Officer Minard violated Plaintiff's constitutional rights, which he did not, such rights were not clearly established

Next, Officer Minard is entitled to qualified immunity even if this Court finds that his conduct violated Plaintiff's constitutional rights because such conduct was not clearly established as violating the Constitution under binding case law.

"For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007) (citation and internal quotation marks omitted).  In other words, "[a] right is clearly established if there is binding precedent from the Supreme Court, the Sixth Circuit, the district court itself, or other circuits that is directly on point."  *Risbridger v. Connelly*, 275 F.3d 565, 569 (6th Cir. 2002) (citation omitted).  The unlawfulness of the alleged action must be apparent to the official from such binding case law.

*Wilson v. Layne*, 426 U.S. 603, 615 (1999).  Said differently, the official must have believed that his actions were "lawful, in light of clearly established law and the information the [official] possessed."  *Id.*

Moreover, the Sixth Circuit has cautioned against defining the alleged constitutional right violated "at a high level of generality."  *Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006) ("'In undertaking this inquiry, we do not assess the right violated at a high level of generality, but, instead, we must determine whether the right [is] 'clearly established' in a more particularized . . . sense. . . .'") (citation omitted).  Thus, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Suacier v. Katz*, 533 U.S. 194, 202 (2001).

Here, there is no clearly established law that would provide Officer Minard or other officers with knowledge that they may not rescind a discretionary decision to cut a break to a speeding driver.  In other words, no existing case law stands for the proposition that a police officer cannot change his mind about cutting a driver a break on a speeding ticket if that driver is disrespectful to the police officer, including by raising her middle finger at him.  No existing case law stands for the proposition that a police officer may not continue a stop less than 100 feet away in order to rescind the original ticket where the driver was given a break.

Indeed, even defining the "clearly established right" much more generally, there is no clearly established United States Supreme Court, Sixth Circuit Court of Appeals, or Eastern District of Michigan case law that permits a First or Fourth Amendment claim to proceed where the traffic stop is otherwise supported by probable cause. In fact, case law in the First Amendment context makes clear that such a claim is *not* clearly established. *See Marshall v. City of Farmington Hills*, 693 F. App'x 417, 425 (6th Cir. 2017) (explaining that it is not clearly established that an arrest supported by probable cause could give rise to a First Amendment violation) (citing *Reichle v. Howards*, 566 U.S. 658 (2012)). *See also, Wilson v. Village of Los Lunas*, 572 F. App'x 635, 643 (10th Cir. 2014) (recognizing that *Reichle* declined to determine whether a First Amendment retaliatory arrest claim is possible if probable cause existed for the arrest/citation, and that it was not clearly established that a failure to show the lack of probable cause could give rise to a First Amendment retaliation claim).

Moreover, there is simply no case law in the First and Fourth Amendment context that would alert a police officer that he may not change his mind about issuing a driver a speeding ticket—where the speeding has undisputedly occurred—where the driver is not appreciative in the initial break and disrespectful to the officer. In short, even if Officer Minard's actions were unconstitutional, which they were not, the alleged unlawfulness of his conduct was not readily

apparent in light of well-settled Eastern District of Michigan, Sixth Circuit and Supreme Court precedent. Officer Minard would not have known from reading case law that he did not have discretion to change his mind about cutting a driver a break on a speeding ticket when that driver raises her middle finger at him. Given that the alleged constitutional violations were not clearly established, Officer Minard's actions in issuing the ticket based on Plaintiff's speeding were not objectively unreasonable.

## IV. CONCLUSION

For the reasons explained above, the Court should grant Officer Minard's Motion, DISMISS Plaintiff's Complaint and enter judgment in favor of Officer Minard. Simply put, Officer Minard is entitled to qualified immunity from suit based on the undisputed facts as alleged by Plaintiff herself.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: _/s/ Mark W. Peyser_
     Mark W. Peyser (P35473)
     Jonathan F. Karmo (P76768)
450 West Fourth Street
Royal Oak, MI 48067-2557
248-723-0356
mwp@h2law.com
jfk@h2law.com

Dated: June 19, 2018          Attorneys for Matthew Minard

## **CERTIFICATE OF SERVICE**

I, Mark W. Peyser, hereby certify that on June 19, 2018, a copy of the foregoing **Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), Brief in Support and Certificate of Service** was filed electronically.  Notice of this filing will be sent to all parties who are registered ECF filers in this matter by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:   */s/ Mark W. Peyser*

Mark W. Peyser (P35473)
Attorneys for Matthew Minard
450 West Fourth Street
Royal Oak, MI 48067-2557
Phone: (248) 645-1483
mwp@h2law.com

4828-0031-4219, v. 1