UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA LEE CRUISE-GULYAS, an

Plaintiff,

v.

MATTHEW WAYNE MINARD,
individually and in his official capacity
as a Taylor Police Officer,

Defendant.
_____/

Case No. 18-11169

Paul D. Borman
United States District Judge

OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS

Plaintiff's amended complaint based upon 42 U.S.C. § 1983 alleges that Defendant violated her constitutional rights under the First, Fourth, and Fourteenth Amendments to the Constitution.

Plaintiff contends that Defendant Minard, while acting as a Taylor Police Officer, violated her rights on June 1, 2017, by seizing her and her vehicle, without probable cause or even reasonable suspicion. Specifically, Plaintiff states that after Defendant completed a traffic stop for speeding and issued her a ticket for impeding traffic, as she pulled away she "flipped him the bird" (raised her middle finger) whereupon he stopped/seized her a second time for no legitimate reason thereby violating her constitutional rights.

1

Plaintiff claims are:

1. Count One - First Amendment Retaliation 42 U.S.C. § 1983

2. Count Two - Fourth Amendment (42 U.S.C. § 1983; Unlawful Detention and Seizure)

3. Count Three - Substantive Due Process (42 U.S.C. § 1983; Fundamental Liberty)

On June 19, 2018, Defendant filed a Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (ECF #10). On July 3, 2018, Plaintiff filed a Response (ECF #12). On July 11, 2018, Defendant filed a Reply (ECF #13). On September 21, 2018, the Court held oral argument.

The evidence before the Court included a state court record that established that Plaintiff had received and paid a ticket for impeding traffic. That ticket was written by Defendant Minard after the initial stop for speeding. While Defendant could have, at that time, issued a ticket for speeding, he did not. It was only after the initial stop had been completed, and Plaintiff drove off and "flipped the bird" that Defendant stopped her a second time without any legal justification.

The Court noted on this record that precedential case law, dating back years before this offense clearly established that "flipping the bird" to a police officer is protected as freedom of speech under the First Amendment and also clearly established Fourth Amendment precedent protects Plaintiff from being stopped and seized by police without probable cause or even reasonable suspicion.

The following cases inform this decision:

> *Whren v. United States*, 116 S. Ct. 1769, 1772 (1996). Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" [under the Fourth Amendment].
>
> *Swartz v. Insogna*, 704 F.3d 105, 110 (2d Cir. 2013) "This ancient gesture of insult [giving him the finger] is not the basis for a <u>reasonable</u> suspicion of a traffic violation or impending criminal activity." (emphasis in original)
>
> *Wilson v. Martin*, 549 Fed. Appx. 309 (6th Cir. 2013) "T.W.'s gesture (raising middle finger toward an adult male police officer) . . . was crude, not criminal; and the officers were patently without probable cause to arrest her for it. . . . Hence the district court was correct to deny qualified immunity . . . ."
>
> *Greene v. Barber*, 310 F.3d 889, 896-97 (6th Cir. 2002). "Mr. Greene's characterization of Lt. Barber as an "asshole" was not egregious enough to trigger application of the "fighting words" doctrine. [W]as Greene's right not to be arrested for insulting a police officer "clearly established" in March of 1997? *Mount Healthy v. Doyle*, 97 S.Ct. 568 (1977) . . . held that where constitutionally protected speech is 'a motivating factor' in governmental action adverse to the plaintiff, the adverse action is unconstitutional . . . ."
>
> *Sandul v. Larion*, 119 F.3d 1250, 1254-55 (6th Cir. 1997). It is well-established that "absent a more particularized and compelling reason for its actions, a State may not, consistently with the First and Fourteenth Amendments make the simple public display . . . of a four-letter expletive a criminal offense. *Cohen v. California*, 403 U.S. 15, 26 (1971). In *Cohen*, the words of individual expression were also f–k you . . . . First Amendment protection is very expansive."

Finally, at the September 21, 2018 hearing, Defendant's counsel conceded: "No

3

doubt the gesture helped – it probably was the foundation for the change of his [Defendant's] mind" [to implement a second stop] . . . "I can't argue around that, your Honor."

For the reasons stated on the record, and in this Opinion, the Court DENIES Defendant's Motion to Dismiss, and Orders the parties to commence facilitation before Magistrate Judge Elizabeth Stafford.

DATED: SEP 2 4 2018

Paul D. Borman
United States District Judge